# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

ANDREW ROYER,              )
                                )
           Petitioner,   )
v.                      )     No: 1:12-cv-01162-SEB-TAB
                                )
KEITH BUTTS,            )
                                )
          Respondent.   )

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Andrew Royer for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### The Petition for Writ of Habeas Corpus

### I. Background

The pleadings and the expanded record in this action for habeas corpus relief brought by Indiana prisoner Andrew Royer establish the following:

1. Royer was convicted of murder in a state court and was sentenced on September 1, 2005, to an executed term of 55 years. His conviction was affirmed on appeal in *Royer v. State*, No. 20A03-0601-CR-00014 (Ind.Ct.App. May 31, 2006). No petition to transfer was filed.

2. Royer filed a petition for post-conviction relief on March 5, 2007. The trial court's denial of such petition was affirmed on appeal in *Royer v. State*, No. 20A04-1106-PC-00325 (Ind.Ct.App. Dec. 20, 2011). His petition to transfer to the Indiana Supreme Court was denied on February 29, 2012.

3. This action for habeas corpus relief was filed on August 17, 2012. The habeas petition itself was signed by Royer on August 15, 2012.

## II. Discussion

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to ʌcurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,ǝ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides that:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . . "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day,* 547 U.S., at 201, 126 S.Ct. 1675 (quoting 28 U.S.C. § 2244(d)(2)).

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(footnote omitted). A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987).

Royer's conviction was final on June 30, 2006, the time in which to seek transfer from the Indiana Court of Appeals' opinion affirming his conviction expired. Accordingly, Royer had one year from that date, or June 30, 2007, to seek federal habeas relief—subject to tolling events. Royer's petition for post-conviction relief was filed on March 5, 2007, and remained pending until February 29, 2012. Applying the prison mailbox rule, Royer's habeas petition can be considered to have been filed on the date he signed his habeas petition, August 15, 2012. Royer's petition for post-conviction relief was filed 248 days after Royer's conviction became final. Another 168 days passed

between the conclusion of the postconviction action the date this action was filed. This rendered the filing of the habeas action 51 days after the expiration of the statute of limitations. Therefore, the petition is untimely and must be dismissed.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Royer has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decisions being made as to the merits of his claims. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2254 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Royer has failed to show that reasonable jurists would find it Αdebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:   _05/17/2013_

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew Royer
#157148
Inmate Mail/Parcels
4490 West Reformatory Rd.
Pendleton, IN   46064

Electronically Registered Counsel